NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4787
_____

UNITED STATES OF AMERICA

v.

CHRISTIAN DIOR WOMACK, a/k/a Gucci Prada

Christian Womack,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-13-cr-00206-001)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 4, 2016

Before: McKEE, *Chief Judge*, SMITH, and HARDIMAN, *Circuit Judges*.

(Filed: April 7, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Christian Dior Womack appeals the District Court's judgment of sentence following his pleas of guilty to three counts of sex trafficking by force in violation of 18 U.S.C. § 1591. We will affirm.

I

Between 2012 and 2013, Womack and his paramour, Rashidah Brice, recruited three women into prostitution, advertised them without their consent on a website known to facilitate prostitution, and transported them against their will across several mid-Atlantic states in furtherance of their illicit scheme. One of the victims was a minor.

A violent and intimidating man, Womack plied his victims with drugs, threatened their lives and the lives of their family members, held a gun to their heads, and beat them into submission. On one occasion, he attempted to rape a victim after she rebuffed his sexual advances. Another time, he and Brice forced their minor victim to have sex with approximately 15 different men in one night.

In addition to the significant physical harm Womack inflicted on the three women, he caused immeasurable emotional harm. His minor victim had to spend a year apart from her family at an inpatient treatment center for teenage victims of sexual abuse. She testified that the experience has "changed [her] life" by limiting her ability to enter into new relationships and that she remains "haunted by the feeling of being 'unclean' and 'impure.'" Presentence Investigation Report (PSR) at 12, ¶ 43. Another victim testified

2

that she has nightmares and that her relationships with family members have been adversely affected.

In April 2013, a grand jury indicted both Womack and Brice with one count of sex trafficking of a minor by force and two counts of sex trafficking of an adult by force. 18 U.S.C. § 1591. Brice pleaded guilty and was sentenced to 185 months' incarceration. Womack filed multiple pro se motions to dismiss the indictment, a motion for a restraining order against the prosecutor, and a motion to address fraud on the court. All were denied. On July 24, 2014—the day his trial was scheduled to begin—Womack pleaded guilty to all counts.

Under the United States Sentencing Guidelines, Womack's total offense level was 45 and his criminal history category was IV, yielding a Guidelines range of life imprisonment, largely because his offense level was "literally and figuratively off the charts." App. 39. Womack did not object to the District Court's calculation of his Guidelines range, but he did request a downward variance.

At the sentencing hearing, the District Court asked the prosecutor why a substantial sentence, such as a 30-year prison term, would not be "sufficient, but not greater than necessary" to punish Womack. 18 U.S.C. § 3553(a). The prosecutor responded that a life sentence was necessary to protect the public given the violent nature of his crimes, the number and age of his victims, and his history of recidivism.

The District Court then recognized that 18 U.S.C. § 3553(b)(2) mandates a Guidelines sentence for those, like Womack, who are convicted of sexual offenses

involving minors. As the Court rightly noted, however: "despite this language . . . *Booker* trumps . . . [and the Court has] the discretion to go outside of the guidelines." App. 70. The sentencing judge emphasized: "I do retain discretion under *Booker*. So that's how I'm going to look at it." App. 71.

The Court then analyzed Womack's crimes and personal circumstances. It found that "short of homicide [Womack's offenses] couldn't be more serious" and that his record included "12 prior convictions including juveniles," several of which involved violence or threats of violence. App. 72. The Court also noted Womack's mental health, family background, and the 185-month sentence Brice received. After giving these factors and the Guidelines "very, very careful consideration," the Court stated:

> For what it's worth, and it's really not worth much, I personally don't think that a life sentence is appropriate and perhaps that's because I'm from the old school where I equate life sentences where there's a loss of life and there hasn't been a loss of life here. But that is not my job. I took an oath, and my oath was to apply the law. The law tells me that the guideline range here is life. . . . So the only way I'm obligated under the law to give great deference to that recommendation of the sentencing commission and Congress, the only way I can deviate from that is if there are reasonable bases for me to vary.

App. 74–75. The Court then considered and rejected Womack's four arguments in support of a downward variance, concluding:

> [W]eighing all those factors together, and giving the defendant every single benefit of the doubt, I can't in good conscience conclude that these are appropriate legal bases for a variance. And as much as I do not personally want to do this, the law in my view, requires that I impose a life sentence and that is my sentence.

App. 77. Womack filed this timely appeal.[1]

## II

Womack's principal argument on appeal is that the District Court committed procedural error at sentencing. Because Womack neither objected to the District Court's calculation of his Guidelines range nor otherwise objected to the process by which the Court sentenced him, we review this argument for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc); Fed. R. Crim. P. 52(b). Our review of the record leads us to conclude that the District Court committed neither plain error nor any error at all.

Womack first claims the District Court relegated its own judgment to that of the United States Sentencing Commission and Congress. It did so, he argues, by presuming that a within-Guidelines sentence was reasonable instead of exercising independent judgment as required by clearly established federal law. *See, e.g.*, *Nelson v. United States*, 555 U.S. 350 (2009). He contends further that the Court's failure to explain why a life sentence was "not greater than necessary" as required by § 3553(a) underscores the unreasonableness of its process.

Counsel for Womack does a good job citing discrete statements made by the judge at sentencing that, if taken in isolation, evince a lack of understanding about the Court's

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

power to vary below the range established by the Guidelines. For example, the judge said that he "personally [doesn't] believe that a life sentence is appropriate" for Womack because of his "old school" view that life sentences are appropriate only when "there's [been] a loss of life." App. 74. The trial judge also said he was "obligated" to give "great deference" to the Guidelines and that "the only way [he could] deviate" from them was to find a "reasonable bas[i]s" to do so. Womack Br. 12 (quoting App. 75). Womack construes these words as an unlawful presumption in favor of the Guidelines, *Gall v. United States*, 552 U.S. 38, 50 (2007), and blames that presumption for the Court's mistaken belief that it was "require[d] . . . [to] impose a life sentence." App. 77.

As persuasive as Womack's arguments may be when the sentencing judge's Janus-like statements are considered in isolation, they ultimately fail to persuade. We review the sentencing transcript in its entirety, and when the District Court's statements are considered in context, they demonstrate that the trial judge knew the Guidelines were advisory, applied the relevant factors of 18 U.S.C. § 3553(a), and imposed a sentence he deemed appropriate under the law of the land.  The Court's closing remarks are instructive:

> [W]eighing all those factors together, and giving the defendant every single benefit of the doubt, I can't *in good conscience* conclude that these are appropriate legal bases for a variance. And as much as I do not *personally* want to do this, the law in my view, requires that I impose a life sentence and that is my sentence.

App. 77 (emphasis added).

In sum, as the Government persuasively argued: "if the sentence were up to [the

6

trial judge] alone, he would not apply a life sentence; but he is a judge who is required to decide the appropriate sentence based on factors decreed by statute, and those factors include the guideline range." Br. at 23. So constrained, the trial judge properly refused to allow personal predilection to trump sober legal judgment. Accordingly, there was no procedural error.

## III

Womack next challenges his sentence on substantive grounds. A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Womack fails to meet this exacting standard.

In seeking to invalidate his within-Guidelines sentence, Womack offers several mitigating factors: (1) he did not severely hurt or kill any of his victims; (2) two of the victims never actually engaged in prostitution; (3) his "minor" victim was nearly 18 and lived on her own; (4) his life sentence was the result of five upward adjustments under the Guidelines; (5) his criminal record included relatively minor offenses; (6) he suffered from mental health issues; and (7) the PSR suggested that a sentence of less than life may be appropriate. Womack cites our decision in *United States v. Olhovsky* to argue that no rational judge could conclude that he deserves to spend the rest of his life in prison. 562 F.3d 530, 553 (3d Cir. 2009).

As for Womack's factual arguments, the record reflects that the District Court took

full cognizance of all of the mitigating factors he proffered and it is not our place to re-weigh them on appeal. Regarding his legal theory, *Olhovsky* doesn't carry the day for Womack because that case involved procedural unreasonableness in addition to substantive unreasonableness. 562 F.3d at 553. Having explained why there was no procedural error in this case, we must evaluate the substance of Womack's sentence on its own terms. Under that deferential standard, we conclude that the District Court did not err when it sentenced Womack within the Guidelines range for crimes that the Court aptly found to be of a "heinous horrible horrific nature." App. 71.

IV

For the reasons stated, we will affirm the District Court's judgment of sentence.