DLD-149                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1296
_____

IN RE:  CHRISTIAN DIOR WOMACK,
                                                                     Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:13-cr-00206-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 19, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER[1], Circuit Judges


(Opinion filed:  May 5, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Christian Dior Womack, a.k.a. Gucci Prada, presents another petition for a writ of

_____

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge
Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the
filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28
U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.


[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

mandamus relating to criminal proceedings that culminated in his guilty plea to charges of sex trafficking of a minor and sex trafficking by force.[2] In his current petition (and supplement thereto) he objects to what he describes as a "coercive appointment of counsel" in May 2014 when he rescinded his waiver of counsel and his standby counsel became counsel of record. Womack argues that it is as if he had no counsel at a critical stage of the proceedings because the District Court did not make "an effective appointment of counsel." He also claims a later violation of his right to counsel when the District Court terminated the appointment after Womack paid to privately retain his counsel. Womack asserts that the District Court should have first made a finding about Womack's ability to pay for counsel, and by not doing so, violated the Fifth and Sixth Amendments and the Criminal Justice Act. He claims that the perceived violations render his sentence a nullity, and, as relief, he asks us to vacate his conviction and sentence.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re School Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992).

---

[2] Womack also has appealed from the judgment entered in his case.

Essentially, Womack seeks to challenge the judgment against him through his claims of alleged improper actions by the District Judge relating to the appointment of counsel and the termination of a counsel appointment once Womack paid to retain counsel. Mandamus relief is not available because these are claims that he can raise in his direct appeal. See In re Briscoe, 448 F.3d 201, 212-13 (3d Cir. 2006). Accordingly, we will deny Womack's mandamus petition.