ALD-392                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3399
_____

IN RE:  CHRISTIAN DIOR WOMACK,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:13-cr-00206-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 25, 2016

Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed:  August 29, 2016)
_____

OPINION*
_____

PER CURIAM

    Christian Dior Womack, a.k.a. Gucci Prada, pleaded guilty to charges of sex

trafficking of a minor and sex trafficking by force.  We affirmed his judgment of

sentence.  United States v. Womack, C.A. No. 14-4787, 2016 U.S. App. LEXIS 6334, at

*1 (3d Cir. Pa. Apr. 7, 2016).  Presenting a variation of an argument that we have rejected

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

before, he again asks us to issue a writ of mandamus to vacate his judgment of conviction and sentence. Womack claims that his appointed counsel improperly sought and accepted private funds as a retainer from Womack and that the District Court improperly ratified counsel's action when it terminated counsel's appointment and allowed Womack to privately retain counsel.

We will deny the petition. Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re School Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992). As we have explained to Womack previously, he cannot challenge the criminal judgment against him through a petition for a writ of mandamus because mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).