**\*\*AMENDED BLD-048**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4067
_____

IN RE:  CHRISTIAN DIOR WOMACK,
                                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:13-cr-00206-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 17, 2016

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed:  February 3, 2017)
_____

OPINION*
_____

PER CURIAM

Christian Dior Womack, a.k.a. Gucci Prada, pleaded guilty to charges of sex

trafficking of a minor and sex trafficking by force.  We affirmed his judgment of

sentence.  United States v. Womack, 646 F. App'x 258, 259 (3d Cir. 2016).  Also, we

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

have denied several mandamus petitions that he has filed.  See, e.g., In re Womack, 639 F. App'x 70 (3d Cir. 2016) (per curiam).

Relatively recently, in the District Court, Womack filed a motion for review, under the Administrative Procedure Act ("APA"), of the United States Attorney's purported failure to investigate claims of intimidation of a defense witness by a family member of a prosecution witness during the lead up to his trial date.  Womack now presents another petition for a writ of mandamus.  He argues that the District Judge will not be able to fairly adjudicate his APA motion.  In support, he cites actions that the District Judge took when presented with pre-trial allegations of witness intimidation.  He discusses an ex parte conversation with the prosecutor, decisions about the investigation into witness intimidation, and a ruling "to accommodate the government's anxiousness to start trial." Womack seeks an order requiring the District Judge to recuse and vacating "any and all orders" that we deem "tainted" by the District Judge's partiality.

We will deny the petition as amended.[1]  Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976).  A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ.  In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992).

---

[1] Womack's motion to amend his mandamus petition is granted.

2

Womack does not show that he is entitled to an order requiring the District Judge's recusal. A mandamus petition can be a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455. In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). Womack's petition implicates two related subsections of § 455: subsection (a) requires recusal when a judge's impartiality might reasonably be questioned, and subsection (b) requires recusal when the judge has a personal bias or prejudice concerning a party. However, neither serves as a basis for recusal here.[2]

Womack's complaints are largely based on ordinary judicial decision making. Mere dissatisfaction with rulings does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). He also describes an ex parte communication. Although ex parte communications are strongly disfavored, see In re Kensington Int'l Ltd., 368 F.3d at 309-10, the communication does not require recusal here. There is no indication that substantive advice was either solicited or offered during the discussion that Womack describes. See In re Sch. Asbestos Litig., 977 F.2d at 789 (stating that ex parte contacts are "tolerated of necessity . . . where related to non-merits issues [and] for administrative matters . . ."); cf. In re Kensington Int'l Ltd., 368 F.3d at 305 ("We do not hold that *ex*

---

[2] Additionally, we could rule that mandamus relief is not available because he has another means to seek the desired relief; he could file a recusal motion in the District Court. Cf. In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003). However,

*parte* communications alone – in the absence of any conflict of interest – require recusal."). Additionally, we discern no evidence of bias in the record.

Furthermore, to the extent that Womack again seeks to challenge the criminal judgment against him or earlier rulings in his criminal case, mandamus is not a substitute for appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004); Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

For these reasons, we will deny the petition for mandamus as amended. In light of our disposition, Womack's petition to compel an answer from the respondents is denied. See Fed. R. App. P. 21(b) ("The court may deny the petition without an answer.")

---

because Womack has sought and failed to obtain the District Judge's recusal previously, we consider the merits of his petition.