**IN RE: Christian Dior WOMACK, Petitioner**

No. 17-1853

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R. App. P. May 11, 2017

(Opinion filed: May 16, 2017)

Christian Dior Womack, Pro Se

Michelle Morgan, Esq., Melanie B. Wilmoth, Esq., Office of United States Attorney, Philadelphia, PA, for Respondent

Before: SHWARTZ, NYGAARD and FISHER, Circuit Judges

OPINION *

PER CURIAM

Christian Dior Womack, a.k.a. Gucci Prada, pleaded guilty to charges of sex trafficking of a minor and sex trafficking by force. We affirmed his judgment of sentence. United States v. Womack, 646 Fed.Appx. 258, 259 (3d Cir. 2016). Also, we have denied several mandamus petitions that he has filed. See, e.g., In re Womack, 639 Fed.Appx. 70 (3d Cir. 2016) (per curiam). More than once, he has presented claims about what he perceives as improprieties in the counsel appointment process in his criminal case.

In September 2016, in the District Court criminal case, Womack presented a variation of his argument about the appointment of his counsel in a document that he entitled "petition for ancillary hearing pursuant to 28 U.S.C. § 1367(a)." In March, he filed a motion for the District Court to issue a scheduling order relating to his "petition for an ancillary hearing ..." under Rule 16 of the Federal Rules of Civil Procedure. Both applications remain pending.

Womack now presents a petition for a writ of mandamus, complaining of the District Court's delay in ruling on his filings and requesting that we order the District Court to rule. We will deny the petition because mandamus relief is not warranted.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992). An appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). However, as a general rule, "matters of docket control" are within the discretion of the District Court. In re

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Although there has been some delay in ruling on Womack's new applications for relief in the District Court, under the circumstances of the case, we are not concerned by it. We do not believe that the delay is tantamount to a failure to exercise jurisdiction. And we are sure that the District Court will rule on Womack's applications soon. For these reasons, we will deny Womack's mandamus petition.

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.