DLD-172                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1493
_____

IN RE:  CHRISTIAN DIOR WOMACK,
                                                           Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-13-cr-00206-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 5, 2018
Before:  JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed: April 11, 2018)
_____

OPINION[*]
_____

PER CURIAM

Christian Dior Womack, a.k.a. Gucci Prada, pleaded guilty to charges of sex

trafficking of a minor and sex trafficking by force.  We affirmed his judgment of

sentence.  United States v. Womack, 646 F. App'x 258, 259 (3d Cir. 2016).  Also, we

have denied several mandamus petitions that he has filed, see, e.g., In re Womack, 639 F.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

App'x 70 (3d Cir. 2016) (per curiam), and the District Court has denied several motions and petitions filed in the criminal case, see, e.g., District Court Order of July 13, 2017 (denying eight pro se filings).

On July 17, 2017, Womack filed a pro se motion pursuant to 28 U.S.C. § 2255. The next month, the District Court ordered the Clerk to send Womack the proper forms for his motion and directed Womack to return them within 30 days. The District Court received Womack's § 2255 motion on the proper forms (and an attached lengthy memorandum) on September 11, 2017. In October, Womack submitted a supplement to his § 2255 motion. In January, Womack filed a motion to compel the Government to respond to his § 2255 motion.

Womack now presents a petition for a writ of mandamus, complaining of the District Court's delay in ruling on his § 2255 motion and requesting that we order the District Court to rule. We will deny the petition because mandamus relief is not warranted.

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). A petitioner must ordinarily have no other adequate means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992). An appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). However, as a general rule,

2

"matters of docket control" are within the discretion of the District Court.  In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Under the Rules Governing Section 2255 Proceedings, a district judge who receives a § 2255 motion "must promptly examine it," and either dismiss it or order the United States attorney to file a response.  See U.S.C. § 2255 Proc. R. 4.  Womack filed his § 2255 motion on the proper forms approximately six months before he filed his mandamus petition.  (He filed his petition about five months after he filed his supplement.)  The delay does concern us; however, at this point, we do not believe that the delay is tantamount to a failure to exercise jurisdiction.  Compare Madden, 102 F.3d at 79 (stating that a five-month delay from the date the habeas petition was filed, and a three-month delay from the most recent motion filed, was a matter "of concern," though not yet a denial of due process), with Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (holding that after a delay of fourteen months due only to docket congestion, "petitioner has established a clear and indisputable right to have his petition expeditiously heard and decided, and [] has no alternative remedy").  As it appears that post-judgment motions that were pending in this matter have been resolved, we expect that the District Court will consider Womack's pending § 2255 motion without undue delay.  Accordingly, we will deny Womack's mandamus, but without prejudice to Womack's filing a new petition for a writ of mandamus should the District Court fail to act expeditiously in this matter.