**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3053
_____

UNITED STATES OF AMERICA

v.

CHRISTIAN DIOR WOMACK,
a/k/a Gucci Prada

Christian Dior Womack,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-13-cr-00206-001)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1
September 5, 2018
Before:  SHWARTZ, KRAUSE and FUENTES, Circuit Judges

(Opinion filed: September 11, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Christian Womack, proceeding pro se, appeals an order of the United States District Court for Eastern District of Pennsylvania denying post-judgment motions in his criminal case. We will affirm the District Court's order with a modification.

Womack pleaded guilty to sex trafficking by force and was sentenced to life in prison. We affirmed the judgment on direct appeal. United States v. Womack, 646 F. App'x 258, 259 (3d Cir. 2016) (non-precedential). Womack then filed motions in District Court related to claims that the Government failed to act when his witnesses were threatened, see Docket Entry Nos. 236, 240, 241, and 242, and that his attorney violated the District Court's Criminal Justice Act Plan and the Pennsylvania Rules of Professional Conduct. See Docket Entry Nos. 239, 243, and 246. The District Court denied these motions and this appeal followed.[1]

We have jurisdiction to review the District Court's post-judgment order pursuant to 28 U.S.C. § 1291. United States v. Stewart, 452 F.3d 266, 272 (3d Cir. 2006).[2]

We first address the Government's contentions that the District Court lacked jurisdiction to entertain Womack's motions. We agree that jurisdiction was lacking as to

---

[1]The District Court also denied in its order Womack's motions asserting that his judgment contains a clerical mistake. This ruling is not at issue.

[2]To the extent the 60-day period applicable to civil appeals applies, this appeal is timely as the District Court granted Womack's motion to reopen the time to file his appeal. To the extent the 14-day period applicable to criminal appeals applies, the Government does not argue that the appeal is untimely. United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012).

Womack's motion claiming that the Government failed to act when persons threatened his witnesses in violation of 18 U.S.C. § 1512 and his motions related thereto. Womack purportedly brought his motion under the Administrative Procedures Act, but he challenges his conviction therein. He asserts that the threats caused his witnesses to decline to testify and caused him to plead guilty, and that his conviction is the product of unfair procedures. He claims violations of his Fifth and Sixth Amendment rights and states that he is suffering the loss of his liberty as a result.

Because Womack challenges the validity of his conviction, he was required to seek relief pursuant to 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (with limited exception, § 2255 is the presumptive means by which federal prisoners can challenge their convictions as unconstitutional). Indeed, Womack has filed a § 2255 motion challenging his conviction on this basis. Although Womack also complains that Offices of the Department of Justice have not responded to his correspondence raising the Government's alleged misconduct, his correspondence does not bring his claim outside the purview of § 2255. We will thus modify the District Court's order to reflect that these motions are dismissed for lack of jurisdiction.

Womack does not challenge his conviction in the remaining motions at issue, which allege that his attorney violated the District Court's Criminal Justice Act Plan and the Pennsylvania Rules of Professional Conduct. We conclude that the District Court properly entertained these motions in light of its inherent authority to discipline attorneys who appear before it and find no abuse of discretion in the denial of relief. See In re Surrick, 338 F.3d 224, 229 (3d Cir. 2003).

As set forth in the District Court's order, Womack changed his representation numerous times. He was initially appointed CJA counsel. He then retained counsel and the District Court granted the CJA attorney's motion to withdraw. Womack later sought to remove his privately-retained attorney and appear pro se. The District Court granted counsel's motion to withdraw and appointed Kenneth Edelin, a CJA attorney, as back-up counsel. At his guilty plea hearing on July 23, 2014, Womack sought to have Edelin represent him and the District Court appointed Edelin as CJA counsel. On July 28, 2014, Edelin wrote the Court seeking termination of his CJA appointment because Womack had retained him. The District Court vacated the CJA appointment.

Womack claims that Edelin asked his family for $10,000 on July 23, 2014 at the courthouse and told his family that he would be able to obtain a 10 to 15 year sentence with such a payment. He asserts that Edelin improperly requested and accepted payment without the District Court's prior authorization, seeks return of the payment, and asks that Edelin be ordered to show cause why his conduct did not violate the CJA Plan and the Pennsylvania Rules of Professional Conduct.

The District Court recognized that CJA counsel may not request or accept payment for representing a defendant without court approval, see 18 U.S.C. § 3006A(f); E.D. Pa. CJA Plan, Sec. V(D) (as amended 6/12/13), but concluded that Womack's allegations did not warrant referral to the Chief Judge under its local rules for issuance of a show cause order. Distinguishing In re Singer, 185 F. Supp. 2d 313 (S.D.N.Y. 2002), relied upon by Womack, the District Court explained that only a few days elapsed from when Edelin was appointed as CJA counsel until he requested termination of his

4

appointment, that he sought and obtained the Court's approval to appear as a privately-retained attorney, and that he did not request compensation in his capacity as CJA counsel. The District Court also noted that Womack's claim that counsel said that he could secure a sentence of no more than 15 years if paid is contradicted by his guilty plea colloquy, during which he said that he understood that no one could guarantee him the sentence he would receive from the court.

The record supports the District Court's decision. We also agree that Singer, where a CJA attorney had not sought the court's approval to appear as a privately-retained attorney and had accepted payments from the defendant for four years, is distinguishable. Womack primarily argues on appeal that the District Court abused its discretion because Edelin did not obtain court approval before he was retained, but as the District Court noted, Edelin's communications with the Court were close to simultaneous with his retention.

Womack also argues that the District Court erred in dismissing his petition for an ancillary hearing, in which he sought return of the monies paid to Edelin, without addressing its merits, but this is incorrect. The basis for Womack's petition for an ancillary hearing was the same as the basis for his petition for an order directing Edelin to show cause why disciplinary action should not be taken against him. The District Court denied both petitions for the same reasons. To the extent Womack contends that the District Court did not address his argument that the fee agreement with Edelin is void,

5

this argument does not appear to have been raised in his petition for a hearing.[3]

Accordingly, we will modify the District Court's order to reflect that Womack's motions regarding threats to his witnesses are dismissed for lack of jurisdiction and affirm the order as modified.

---

[3]Because the District Court did not conduct a hearing, we conclude it is unnecessary to address the party's arguments as to whether the District Court had ancillary jurisdiction.