**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3877

_____

IN RE:  CHRISTIAN DIOR WOMACK,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:13-cr-00206-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 9, 2020
Before:  SMITH, Chief Judge, CHAGARES and COWEN, Circuit Judges

(Opinion filed: January 28, 2020)
_____

OPINION*
_____

PER CURIAM

For a second time, petitioner Christian Dior Womack, a.k.a. Gucci Prada, seeks a

writ of mandamus in connection with an alleged delay in the adjudication of a motion to

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

vacate his sentence filed in the United States District Court for the Eastern District of Pennsylvania. For the reasons that follow, we will deny the mandamus petition.

Womack pleaded guilty to charges of sex trafficking in violation of 18 U.S.C. § 1591, and was sentenced to life imprisonment. We affirmed his judgment of sentence. United States v. Womack, 646 F. App'x 258, 259 (3d Cir. 2016). On July 17, 2017, Womack filed a pro se motion pursuant to 28 U.S.C. § 2255. The District Court ordered the Clerk to send Womack the proper forms for his motion and directed Womack to return them within 30 days. On September 11, 2017, Womack responded to the order and filed his § 2255 motion on the proper forms, along with a lengthy memorandum. The next month, he filed a supplement to his § 2255 motion. In January 2018, Womack filed a motion to compel the Government to respond to his § 2255 motion.

In March 2018, Womack filed a petition for a writ of mandamus with this Court, complaining of the District Court's delay in ruling on his § 2255 motion and requesting that we order the District Court to rule; we denied the petition. See In re Womack, 718 F. App'x 171 (3d Cir. 2018). As we noted then, mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992). An appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d

2

Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). However, as a general rule, "matters of docket control" are within the discretion of the District Court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Although we expressed concern for the then six-month delay in ruling on his § 2255 motion, we concluded that it was not tantamount to a failure to exercise jurisdiction. In re Womack, 718 F. App'x at 172 (comparing Madden, 102 F.3d at 79 (stating that a five-month delay from the date the habeas petition was filed, and a three-month delay from the most recent motion filed, was a matter "of concern," though not yet a denial of due process), with Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (holding that, after a delay of fourteen months due only to docket congestion, "petitioner has established a clear and indisputable right to have his petition expeditiously heard and decided, and [] has no alternative remedy")).

Two months after our decision, in June 2018, the District Court granted Womack's motion to compel, and, after the Government was granted an extension of time, it filed its response to the § 2255 motion on October 1, 2018. Womack subsequently filed a motion for an extension of time to reply, which the District Court granted. Between August 2018 and December 2018, when he filed his reply to the Government's response, Womack filed numerous motions, including a motion for permission to submit affidavits, a motion to compel the Government to respond to "unanswered issues," and a motion for discovery; he also filed affidavits in support of his § 2255 motion. The District Court

3

ruled on the motions in December 2018. There was then a five-month period, until May 2019, when the matter was pending without any additional filings or a decision by the District Court. However, since then, Womack has filed numerous documents, including two "judicial notices" which contain argument in support of his § 2255 motion, an additional brief in support of his motion, and another motion to vacate sentence, which should be construed as a motion to amend the § 2255 motion, see United States v. Santarelli, 929 F.3d 95, 105 (3d Cir. 2019).[1]

While the proceedings have been protracted, and, at points, not without cause for concern, a substantial portion of the delay in adjudicating the motion is attributable to Womack's repeated filings. We are confident that the District Court will act promptly on the outstanding filings and will expeditiously consider Womack's pending § 2255 motion. Accordingly, because we conclude that there is no basis here for granting extraordinary relief, we will deny Womack's mandamus petition, but without prejudice to his filing a new petition for a writ of mandamus should the District Court fail to act without unnecessary delay.

---

[1] These last two filings were made in November 2019.