**HLD-001 (Revised)**                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3011

_____

IN RE: CHRISTIAN DIOR WOMACK,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Cr. No. 2-13-cr-00206-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 9, 2020

Before:  SMITH, Chief Judge, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: November 16, 2020)

_____

OPINION*

_____

PER CURIAM

   Pro se petitioner Christian Womack has filed a petition for writ of mandamus

requesting that we direct the United States District Court for the Eastern District of

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pennsylvania to rule on his motion under 28 U.S.C. § 2255 and other related motions. For the reasons detailed below, we will deny the petition.

In 2013, Womack pleaded guilty to charges of sex trafficking by force in violation of 18 U.S.C. § 1591 and was sentenced to life imprisonment. We affirmed his criminal judgment. United States v. Womack, 646 F. App'x 258 (3d Cir. 2016). On July 17, 2017, Womack filed a pro se motion pursuant to 28 U.S.C. § 2255, see ECF No. 253, which he re-filed on the proper forms on September 11, 2017, see ECF No. 256. He then filed a variety of other documents in the District Court, including a second § 2255 motion, a petition to supplement his § 2255 motion, and motions for judicial notice, among many other things.[1]

In October 2020, Womack filed his mandamus petition, asking us to direct the District Court to rule on his motions. While that petition was pending before us, the District Court issued a lengthy opinion granting an evidentiary hearing as to two of Womack's § 2255 claims and denying the remainder.

---

[1] We have twice previously denied mandamus petitions that Womack has filed. In April 2018, we denied Womack's first petition, explaining that "[t]he delay does concern us; however, at this point, we do not believe that the delay is tantamount to a failure to exercise jurisdiction." In re Womack, 718 F. App'x 171, 172 (3d Cir. 2018) (per curiam). In January 2020, we denied Womack's second mandamus petition, explaining that "a substantial portion of the delay in adjudicating the motion is attributable to Womack's repeated filings," and that the Court was "confident that the District Court will act promptly on the outstanding filings and will expeditiously consider Womack's pending § 2255 motion." In re Womack, 791 F. App'x 368, 369 (3d Cir. 2020) (per curiam).

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Because a district court has discretion in managing the cases on its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), mandamus relief is warranted only when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Womack is not entitled to mandamus relief. As we noted above, the District Court has recently issued an opinion disposing of the majority of Womack's claims while granting an evidentiary hearing as to two claims. We are confident that the District Court will now rule on the two remaining claims in a timely manner. We therefore decline to find that any delay in this case is "tantamount to a failure to exercise jurisdiction." Id.

Accordingly, we will deny Womack's mandamus petition.