**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1357
_____

IN RE: CHRISTIAN DIOR WOMACK,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Cr. No. 2-13-cr-00206-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 4, 2021
Before: AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: March 16, 2021)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Christian Womack has filed a petition for writ of mandamus.  For

the reasons detailed below, we will deny the petition.

        In 2013, Womack pleaded guilty to charges of sex trafficking by force in violation

of 18 U.S.C. § 1591 and was sentenced to life imprisonment.  We affirmed his criminal

judgment.  United States v. Womack, 646 F. App'x 258 (3d Cir. 2016).  In July 2017,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Womack filed a pro se motion pursuant to 28 U.S.C. § 2255. See ECF No. 253. He then filed a variety of other documents in the District Court, including, in November 2019, a second § 2255 motion. See ECF No. 287.

Womack's current mandamus petition is his fourth. In each of his three prior petitions, Womack asked us to direct the District Court to rule on his § 2255 motion. We denied the first two on the ground that any delay had not yet become excessive. See In re Womack, 718 F. App'x 171, 172 (3d Cir. 2018) (per curiam); In re Womack, 791 F. App'x 368, 369 (3d Cir. 2020) (per curiam). In that second opinion, we also observed that Womack had filed a second "motion to vacate sentence, which should be construed as a motion to amend the § 2255 motion, see United States v. Santarelli, 929 F.3d 95, 105 (3d Cir. 2019)." In re Womack, 791 F. App'x at 369.

While Womack's third mandamus petition was pending before us, the District Court issued a 37-page opinion that denied the majority of Womack's § 2255 claims. See ECF No. 299. However, the Court granted an evidentiary hearing as to one of Womack's ineffective-assistance-of-counsel claims as well as the claim he asserted in his second § 2255 motion. That hearing has been scheduled for May 26, 2021. As a result of the District Court's order, we denied Womack's third mandamus petition. See In re Womack, 828 F. App'x 852, 853 (3d Cir. 2020) (per curiam).

Womack then filed the instant mandamus petition. He contends that, in the District Court's opinion, the Court called his filing his "second pro se 'motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.'" Pet. at 1. This, he argues, shows that the Court has ignored this Court's prior statement that the filing should be

2

construed as a motion to amend the initial § 2255 motion. He therefore asks us to compel the District Court to adhere to our opinion.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Womack is not entitled to mandamus relief because mandamus is not the only means to obtain the relief he seeks. Rather, he can appeal any adverse decision to this Court through the normal appellate process. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").[1] Accordingly, we will deny Womack's mandamus petition.

---

[1] We also note that Womack's concern that the District Court will treat his filing as an unauthorized second or successive § 2255 motion is thus far unfounded. The District Court did not suggest in its opinion that it viewed the filing in this way; instead, the Court ruled that Womack was entitled to an evidentiary hearing as to the claim.