## In the

## United States Court of Appeals

### For the Seventh Circuit

Nos. 10-2154 & 11-1498

DAVID PHILLIPS,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 3014—**Joan Humphrey Lefkow**, *Judge*.

ARGUED SEPTEMBER 16, 2011—DECIDED JANUARY 3, 2012

Before EASTERBROOK, *Chief Judge*, and WOOD and TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. David Phillips pleaded guilty to transporting a minor in interstate commerce for the purpose of prostitution. See 18 U.S.C. §2423(a). He was sentenced to 210 months' imprisonment. An appeal was dismissed on the basis of a waiver in the plea agreement. (Phillips received a substantial benefit in exchange, for the prosecutor dismissed nine of the

indictment's ten counts.) The plea agreement's waiver of appeal and collateral review contains an exception for ineffective assistance of counsel, and Phillips filed a collateral attack within the year that 28 U.S.C. §2255(f) allows for that purpose. He makes a single argument: that his attorney had a conflict of interest, because he formerly represented one of Phillips's prostitutes in a different case, and furnished ineffective assistance of counsel because he did not obtain a formal waiver of the conflict.

Shannon Lynch, who represented Phillips during 2005 and 2006 in the federal prosecution, had represented Melissa Musial in 2003 when she was charged with solicitation in violation of municipal law. Phillips submits that Musial was an employee of his "escort service" and could have been a witness against him had the federal prosecution gone to trial, while Lynch could not have cross-examined her effectively given their former attorney-client status. Phillips maintains that Lynch induced him to plead guilty, and accept what Phillips now calls a bad bargain, in order to avoid the embarrassment (and potential financial loss) of having to withdraw in mid-trial. Although the district court appointed a lawyer to represent Phillips in this collateral attack, and that lawyer had more than 18 months to collect evidence, counsel did not offer any evidence to show that the asserted conflict injured Phillips. The district court denied his petition after concluding that the record did not supply any reason to think that Lynch's work for Musial in 2003 would have diminished his ability to represent Phillips effectively. Because Lynch

would not have had to withdraw, he also had no reason to talk Phillips into taking an inferior bargain.

Phillips filed a notice of appeal. We appointed a different lawyer to represent him. New counsel rethought the strategy and filed in the district court a motion for relief under Fed. R. Civ. P. 60(b)(6). This motion was accompanied by some details about what Lynch did for Musial in 2003, and Phillips's new lawyer contended that these details established the sort of prejudice that was missing on the thin record tendered earlier. The district judge denied this motion, stating that although the new evidence strengthened Phillips's position it still did not establish either an actual conflict or any prejudice. Phillips filed a second appeal from the decision denying this motion.

The parties briefed both appeals on the assumption that the enlarged record was properly before the district court. At oral argument we questioned that assumption and asked whether the Rule 60(b) motion should be treated as a successive collateral attack, barred by 28 U.S.C. §2244(b) unless the criteria for successive litigation have been satisfied. We called for post-argument memoranda. Phillips does not contend that §2255(h) authorizes a second or successive application. That leaves the question whether the Rule 60(b) motion should be treated as a fresh application for collateral review. The United States contends that it should be; Phillips argues otherwise.

If this Rule 60(b) motion had been filed after the first appeal was over, or after the time for appeal had expired

without a notice being filed, the situation would be straightforward. *Gonzalez v. Crosby*, 545 U.S. 524, 533–35 (2005), holds that a Rule 60(b) motion in a collateral proceeding under §2254 or §2255 that attacks a district court's decision "on the merits" must be treated as a new "application" for collateral review, and thus as barred by §2244(b) unless the statutory criteria for sequential collateral litigation are met. Phillips's motion is directly addressed to the merits of his desire for collateral relief. He contends in passing that statements the United States Attorney's Office made to the district court undermined the integrity of the proceedings and thus made his motion one not "on the merits," but that contention is unavailing. The United States did not mislead the district judge. The Rule 60(b) motion dealt with the merits of the adverse decision, not with the district court's ability to make an impartial and accurate decision. One litigant's dissatisfaction with the other's arguments does not provide an escape hatch from §2244(b) or §2255(h). Under *Gonzalez*, the motion was an "application" for collateral relief.

But was it a *second* application? The first was still pending on appeal. Perhaps, until a district court's decision has become final by the conclusion of any appeal taken, every new application should be treated as an amendment to the pending one, rather than as a new one. If so, then Phillips could have filed an entirely independent §2255 petition raising a distinct claim for relief; indeed, he could *still* file one or more, as many as he likes, because this appeal is not over. (Phillips can seek rehearing or certiorari.)

Treating motions filed during appeal as part of the original application, however, would drain most force from the time-and-number limits in §2244 and §2255. Once one timely petition under §2255 is on file, the prisoner may keep filing more until the first has been finally resolved, a process that can take years. This collateral attack, for example, was filed in 2007 and won't be over until mid-2012 at the earliest, if Phillips asks the Supreme Court to review our decision. Nothing in the language of §2244 or §2255 suggests that the time-and-number limits are irrelevant as long as a prisoner keeps his initial request alive through motions, appeals, and petitions.

Suppose Phillips had filed, not a separate "application" (which is how *Gonzalez* categorizes his post-judgment motion), but a motion to amend his initial petition. We held in *Johnson v. United States*, 196 F.3d 802 (7th Cir. 1999), that a proposal to amend a collateral attack already on file is not a new collateral attack. But we added that the time to amend the petition expires once the district court makes its decision. *Id*. at 805. Final judgment marks a terminal point. See also *Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (a motion to recall the appellate mandate in a proceeding seeking collateral relief should be treated as a new application). A motion to amend that is filed within the time to appeal might be treated as a continuation of the original application; a district court retains jurisdiction to fix problems during this post-judgment period. See *United States v. Ibarra*, 502 U.S. 1 (1991); *United States v. Rollins*, 607 F.3d 500 (7th Cir. 2010). But Phillips filed his Rule 60(b)

motion not only after an appeal had been filed, but also about six months after the time for appeal had run out; the motion cannot be treated as suspending the judgment's finality, see Fed. R. App. P. 4(a)(4), and allowing the district judge to make changes.

Phillips has not cited, and we have not found, any decision in another circuit holding that a Rule 60(b) motion filed while an appeal is pending, and "on the merits" of the request for collateral relief, should be treated the same way as a proposal to amend the petition before the district court enters its judgment. Phillips does rely on one of our decisions, *Boyko v. Anderson*, 185 F.3d 672 (7th Cir. 1999), which holds that under Circuit Rule 57 a district judge may ask us to remand a pending appeal so that the district judge may correct errors that affect the proceedings. If such a request had been made and granted, then the judgment would no longer have been final, and the rationale of *Johnson* would have allowed the amendment of a collateral attack (if the district judge exercised discretion to accept an amendment). But the district judge did not invoke Circuit Rule 57 and did not think that the Rule 60(b) motion established any error in her original decision. Nor did Phillips ask the district judge to use this procedure.

We must resolve this case based on what actually happened—a failed Rule 60(b) motion while the appeal was pending—rather than what *might* have happened, such as tender of additional evidence before final decision in the district court, or a timely post-judgment motion under Fed. R. Civ. P. 50 or 59. What

actually happened was a new application for collateral relief, which the district court lacked jurisdiction to entertain in the absence of permission from this court, which was not sought—and could not have been granted if sought, because the requirements of §2255(h) have not been met.

This leaves the original appeal (No. 10-2154) on the original record. And on that record Phillips cannot prevail. We may assume that Lynch's representation of Musial created a conflict, see *Cuyler v. Sullivan*, 446 U.S. 335 (1980), but this is not the sort of conflict that makes legal representation automatically "ineffective." Prejudice must be shown—and in *Hall v. United States*, 371 F.3d 969 (7th Cir. 2004), on which Phillips principally relies, it was. Here it wasn't.

It does not matter which side bears the burden of persuasion on that subject. The record compiled before the district court entered its judgment supplies not the smallest reason to believe that a conflict adversely affected Lynch's work for Phillips. To show prejudice, Phillips would have to establish that, but for the conflict, he would not have pleaded guilty. See, e.g., *Hall*, 371 F.3d at 974. Yet the record does not suggest that Lynch unduly pressured Phillips to plead guilty—or would have had any reason to do so. No evidence implies that Lynch learned from Musial any privileged information that would have limited the scope of cross-examination. What's more, the United States represents that Musial would not have been called as a witness had a trial been held. (The indictment does not mention her as either a

participant or a victim, and she had refused to be inter-viewed by any agent of the federal government; the prosecutor was unlikely to call a person whose testi-mony might well have favored the defense.) And we know that Musial was not called as a witness and did not submit evidence any other way in the sentencing proceeding actually held. Prejudice is unlikely, so Phillips is not entitled to relief.

Phillips's appellate counsel contends that the district judge should have held an evidentiary hearing. But the lawyer who represented Phillips in the district court did not ask for one or provide any reason to think that a hearing would have been productive. The district judge did not abuse her discretion by acting on the basis of the record as it stood.

In appeal No. 10-2154 the judgment is affirmed. In appeal No. 11-1498 the district court's decision is vacated, and the case is remanded with instructions to dismiss for want of subject-matter jurisdiction.