**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2835
_____

DERRICK LAMONT PRATHER,

Appellant

v.

WARDEN FORT DIX FCI


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-17-cv-02631)
District Judge:  Honorable Robert B. Kugler
_____



Submitted Pursuant to Third Circuit LAR 34.1(a)
September 6, 2019


Before: MCKEE, COWEN and RENDELL, Circuit Judges


(Opinion filed September 18, 2019)

————————

O P I N I O N*

————————

**PER CURIAM**

Derrick Lamont Prather, a federal prisoner proceeding pro se, appeals from the District Court's order dismissing his petition for habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, we will affirm the District Court's judgment.

I.

In 2009, Prather pleaded guilty in the United States District Court for the District of Maryland to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. At sentencing, the District Court found that Prather had sustained two prior felony convictions in Maryland: (1) possession with intent to distribute narcotics; and (2) conspiracy to manufacture/distribute narcotics. The District Court determined that these convictions constituted "controlled substance offenses" subjecting him to the Career Offender provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.1.[1] The District Court sentenced him to 180 months' imprisonment.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] A defendant is a "career offender" if (1) he was at least eighteen years old when he committed the offense of conviction; (2) the offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a)

In 2014, Prather filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Maryland. Prather argued, inter alia, that his prior drug convictions no longer qualified as Career Offender predicates following the Supreme Court's decision in Descamps v. United States, 570 U.S. 254 (2013). The District Court denied relief on August 2, 2016.

Prather, who is now incarcerated within the District of New Jersey, then filed a petition pursuant to 28 U.S.C. § 2241 arguing that his prior drug convictions no longer qualify as Career Offender predicates following the Supreme Court's June 23, 2016 decision in Mathis v. United States, 136 S. Ct. 2243 (2016).[2] The District Court screened the petition pursuant to 28 U.S.C. § 2243 and determined that Prather could not raise this Mathis-based claim by way of 28 U.S.C. § 2241. Therefore, the District Court dismissed the petition. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[3] We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. Cradle v. United States ex rel. Miner, 290 F.3d 536,

---

[2] In Mathis, the Supreme Court emphasized that, for purposes of applying the categorical (or modified categorical) approach, a statute is divisible only when it sets forth different elements delineating separate crimes, not when it sets forth different means of committing a single crime. 136 S. Ct. at 2253.

[3] A certificate of appealability is not required in this appeal from the denial of a § 2241 petition. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

538 (3d Cir. 2002) (per curiam). We may affirm on any ground supported by the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

III.

We will affirm the District Court's judgment because Prather was not permitted to bring his Mathis-based claim via § 2241. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although the "saving clause" contained in § 2255(e) provides an exception to this rule when a § 2255 motion would be "inadequate or ineffective to test the legality of [a prisoner's] detention," this narrow exception applies in only rare circumstances, such as when a prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Cordaro v. United States, -- F.3d --, 2019 WL 3542904, at *5 (3d Cir. Aug. 5, 2019) (quoting Bruce, 868 F.3d at 180.

Prather attempts to satisfy this exception by arguing that Mathis constitutes such an "intervening change in substantive law." Leaving aside the question of whether the decision can be described as a qualifying "change in substantive law," it was not "intervening" in Prather's case; rather, as the Government correctly notes, Mathis was decided over a month before the District Court issued its decision to deny Prather's § 2255 motion. For this reason, he cannot show that he "had no earlier opportunity" to raise his claim. See, e.g., United States v. Santarelli, 929 F.3d 95, 103 (3d Cir. 2019)

4

(reversing district court's order denying prisoner's motion to amend her § 2255 motion and remanding for district court to consider the merits of prisoner's initial § 2255 motion as amended by the allegations in her motion to amend).  Therefore, Prather was not permitted access to § 2241.

## IV.

For these reasons, we will affirm the District Court's judgment.