NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3398
_____

UNITED STATES OF AMERICA

v.

COREY PASLEY,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cr-00076-002)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 13, 2020

BEFORE:  HARDIMAN, PORTER, and PHIPPS, *Circuit Judges*

(Filed: January 17, 2020)

_____

OPINION[*]
_____

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Corey Pasley appeals an order of the District Court denying his motion to alter or amend his sentence under 28 U.S.C. § 2255(h). According to Pasley, the District Court committed a clerical error at sentencing that this Court must remedy. Because we perceive no error, we will affirm.

I

Pasley participated in a violent armed robbery of an apartment complex where he worked as a security guard. He was tried by a jury, convicted on three federal counts, and sentenced to 204 months' imprisonment. This Court affirmed Pasley's judgment of conviction and sentence on direct appeal. *United States v. Pasley*, 629 F. App'x 378 (3d Cir. 2015).

After his direct appeal was rejected, Pasley moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. A year later, the District Court denied Pasley's motion without a hearing and denied a certificate of appealability. Pasley appealed, and while his application for a certificate of appealability was pending before this Court, he moved for the first time "to alter o[r] amend the judgment due to mathematical sentencing error and conflict with both the sentencing transcript and judgment of this court." App. 11–12.

The District Court denied Pasley's motion without prejudice, concluding it lacked jurisdiction over what was "in essence" a second or successive motion under 28 U.S.C. § 2255. Pasley timely appealed the District Court's order.

II

Both parties agree the District Court sentenced Pasley to 121 months'
imprisonment on Counts One and Two, running consecutively with the sentence on
Count Three. The controversy involves Count Three, on which Pasley insists the District
Court "pronounced one, and only one, term of imprisonment. . . : 80 months." Pasley Br.
16. The Government contends the 204-month total sentence twice announced by the
Court and stated in the written judgment is correct. And because the parties agree that
Counts One and Two carried a 121-month sentence, it follows that Pasley received 83
months for Count Three. According to Pasley, the District Court made a mathematical
error when announcing his total sentence and Federal Rule of Criminal Procedure 36
allows him to correct the accompanying clerical mistake on Count Three.

After reading the transcript and carefully listening to an audio recording of the
sentencing proceedings, we cannot agree with Pasley that he ever received a sentence of
80 months' imprisonment for Count Three. The District Court sentenced Pasley to the
"the top of the Guidelines in Counts I and II, to run concurrently, and to exceed the
mandatory minimum on Count III, to run consecutively as the law requires."[1] App. 42.
The sentencing transcript reads:

> Therefore, pursuant to the Sentencing Reform Act of 1984, it's the
> judgment of the Court that the defendant, Corey Pasley, is committed to the
> custody of the Bureau of Prisons to be imprisoned for a term of 121 months
> on Counts I and II, to run together, that is concurrently, and for 80 -- an
> additional mandatory minimum, in addition to the 60 months, for a total of

_____

[1] The Guidelines range for Counts One and Two was 97–121 months. The
mandatory minimum consecutive sentence for Count Three is 60 months.

3

204 months, with supervised release on Counts I and II for three years and on Count III for five years, also to run concurrently.

App. 42–43. The "--" following "80" represents a long pause, during which the District Court murmured, "let me see . . ." before continuing, never finishing its thought. Right after the District Court pronounced the sentence, the Government clarified: "Your Honor, it is my understanding that the total sentence is, in fact, 204 months, is that correct?" App. 45. The Court responded, "That is correct." *Id*. A 204-month sentence, with 121 months for Counts One and Two, requires an 83-month sentence for Count Three.

This Court follows the "firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict." *United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir. 1991) (quoting *United States v. Villano*, 816 F.2d 1448, 1450 (10th Cir. 1987)). Relying on this rule, Pasley urges us to "correct" his sentence from the 83 months on the written judgment to the 80 months in the sentencing transcript. But "[i]n interpreting the oral statement, we have recognized that the context in which th[e] statement is made is essential." *Ruggiano v. Reish*, 307 F.3d 121, 134 (3d Cir. 2002) *superseded on other grounds by* U.S.S.G. § 5G1.3 cmt. n.3(E) (2003). As the Tenth Circuit noted in *Villano*, resorting to the judgment and commitment order for evidence of the District Court's intent is appropriate when the orally pronounced sentence is, as here, ambiguous. *Villano*, 816 F.2d at 1450, 1451.

The ambiguity just referenced precludes Pasley from obtaining relief under Rule 36 of the Federal Rules of Criminal Procedure. That rule provides: "[a]fter giving any

4

notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Borrowing from the Fifth Circuit's standard for Federal Rule of Civil Procedure 60(a), this Court has held that a clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (quoting *Dura-Wood Treating Co. v. Century Forest Indus.*, 694 F.2d 112, 114 (5th Cir. 1982)).

The record here shows that the District Court sentenced Pasley to 204 months' imprisonment. At worst, Pasley's sentence is ambiguous, and the statement of "80" is an unfinished thought or a mathematical error. Unfinished thoughts and oral mathematical errors are not the kind of clerical mistakes that can be corrected under Rule 36, especially when the sentencing court corrects the putative error in the same sentence.[2]

On Pasley's view, we should give no weight to: the District Court's statement that his cumulative sentence was 204 months' imprisonment; or the Court's verification that the sentence was for 204 months; or the written judgment stating that Pasley's sentence was for 121 months on Counts One and Two and for 83 months on Count Three, for a total of 204 months' imprisonment. We decline Pasley's invitation because the District

---

[2] Associated docket entries likewise contain a mathematical error, showing Pasley's sentence as 84 months' imprisonment for Count Three. Those entries record Pasley's total sentence as 204 months, the only consistent number reflected in the oral sentencing, the written judgment, and the docket entries.

5

Court imposed a sentence of 204 months' imprisonment, 121 months for Counts One and Two and 83 months for Count Three.

Because Rule 36 does not apply here, Pasley's motion is, as the District Court found, barred as a second or successive motion under 28 U.S.C. §§ 2244 and 2255(h). A second or successive motion must be certified by a court of appeals before proceeding and must present either "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h). Pasley's appeal was still pending in this Court when he filed the motion at issue, so it was not second or successive at the time of filing. *See United States v. Santarelli*, 929 F.3d 95, 104–05 (3d Cir. 2019). But it became so when this Court denied a certificate of appealability for Pasley's initial habeas petition. *Id.* at 104 n.5. Once Pasley's appeal was denied, he "expended the 'one full opportunity to seek collateral review' that AEDPA ensures." *Santarelli*, 929 F.3d at 104 (quoting *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011)). His motion to amend became second or successive at that point—barring Pasley from relief absent newly discovered evidence or a new rule of constitutional law, neither of which he alleges.

III

We will affirm the District Court's order denying relief for the reasons stated.

6