**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1862
_____

PHILLIP A. HOLDEN,
a/k/a Abdul- Rahim Muslim,

Appellant
v.

ATTORNEY GENERAL NEW JERSEY;
WARDEN ESSEX COUNTY CORRECTIONAL FACILITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-19-cv-00401)
District Judge: Honorable Stanley R. Chesler
_____

Argued November 15, 2023

Before: CHAGARES, *Chief Judge*, MATEY and FUENTES, *Circuit Judges*.

(Filed: December 20, 2023)

_____

James Figorski
Bina M. Peltz
Clare P. Pozos
Dechert LLP
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

Chase Hanson **[ARGUED]**
University of Pennsylvania

School of Law
3400 Chestnut Street
Philadelphia, PA 19104
    *Counsel for Appellant*

Lucille M. Rosano **[ARGUED]**
Essex County Office of Prosecutor
Essex County Veterans Courthouse
50 W Market Street
Newark, NJ 07102
    *Counsel for Appellees*

_____

OPINION[*]

_____

**MATEY**, *Circuit Judge*.

Phillip Holden challenges the denial of his petition for a writ of habeas corpus and the dismissal of his motion for reconsideration. Because the District Court erred in dismissing Holden's motion for reconsideration, we will vacate and remand for further consideration.[1]

## I.

Holden was convicted of murdering a woman in Newark, New Jersey.[2] After exhausting review in the state courts, Holden petitioned under 28 U.S.C. § 2254 alleging his trial counsel provided ineffective assistance by 1) failing to investigate Raijah Scott, a man who was arrested with the gun used in the Newark shooting (but eight months after

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] We thank the court-appointed counsel appearing on behalf of the appellant for their able assistance.

[2] As well as attempted murder, aggravated assault with a deadly weapon, unlawful possession of a handgun, and possession of a firearm for an unlawful purpose.

the shooting took place), and 2) failing to introduce evidence about Scott's physical appearance (suggesting, Holden argues, that Scott was the shooter). In a December 1, 2020 decision, the District Court denied Holden's petition.

In a *pro se* submission dated December 17, 2020 but docketed on January 4, 2021, Holden filed a new motion that he labeled a Rule 60(b) motion raising allegedly newly discovered evidence—reports showing that, when arrested, Scott wore attire that matched that of the shooter (again eight months after the shooting took place)—that Holden argued could aid his petition. Construing the motion under Rule 60(b),[3] the District Court dismissed the motion in a January 8, 2021 order, concluding that Holden's motion was an unauthorized second or successive petition barred by 28 U.S.C. § 2244(b)(3)(A). Holden now appeals.[4]

---

[3] Although the parties disagree which Civil Rule should govern, we conclude the District Court erred in dismissing the motion as a second or successive petition regardless of how it is construed.

[4] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254(a). In a *pro se* submission dated April 2, 2021 but docketed on April 29, 2021, Holden filed a notice appealing the District Court's December 1, 2020 order denying his petition and noting that he filed a motion for reconsideration pursuant to Rule 60(b). On May 4, 2021, the Clerk's Office notified Holden that his appeal may be dismissed as untimely, and in response, Holden sent a letter to the District Court, dated May 5, 2021, claiming to have never received the District Court's January 8, 2021 order denying his motion. A panel of this Court remanded Holden's case. The panel construed Holden's May 5, 2021 letter "as both a notice of appeal from the order denying reconsideration and a timely motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6)." App. 1018. On remand, the District Court granted Holden's request to reopen his time to appeal under Rule 4(a)(6). So, Holden's appeal is timely, and we have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of a habeas petition on jurisdictional grounds *de novo*. *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) bars "second or successive" habeas petitions, absent exceptional circumstances. *See* 28 U.S.C. § 2244(b). We have defined a "second or successive petition" as one "filed after 'the petitioner has expended the "one full opportunity to seek collateral review" that AEDPA ensures.'" *United States v. Santarelli*, 929 F.3d 95, 104–05 (3d Cir. 2019) (quoting *Blystone v. Horn*, 664 F.3d 397, 413 (3d Cir. 2011)). A petitioner does not expend his "one full opportunity to seek collateral review" until "after the petitioner has exhausted all of h[is] appellate remedies with respect to h[is] initial habeas petition or after the time for appeal has expired."[5] *Id.* at 104–05; *see also United States v. Folk*, 954 F.3d 597, 609 (3d Cir. 2020) (stating same rule).

Holden moved for reconsideration before he exhausted his appeal.[6] Although he had not yet filed a notice of appeal of the denial of his habeas petition, his time to appeal this decision had not expired when the District Court dismissed Holden's motion for reconsideration. Because submitting the motion tolled Holden's time to appeal the District Court's denial of his habeas petition, *see* Fed. R. App. P. 4(a)(4)(A),[7] Holden had

---

[5] An approach we adopted from the Second Circuit's decision in *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002) (Sotomayor, J.) (applying *Johnson v. United States*, 196 F.3d 802 (7th Cir. 1999)).

[6] Although docketed on January 4, 2021, Holden's motion for reconsideration is deemed filed on December 17, 2020 because he mailed the *pro se* motion from prison and we date the filing "on the date that he executed" the document. *Baker v. United States*, 670 F.3d 448, 451 n.2 (3d Cir. 2012).

[7] The time to appeal is tolled regardless of under which Rule Holden's motion arises. *Compare* Fed. R. App. 4(a)(4)(A)(iv) (providing that time to appeal runs from entry of order disposing of Rule 59 motion to alter or amend judgment), *with* Fed. R.

4

not exhausted his appellate remedies and thus had not expended his "one full opportunity to seek collateral review." *See Santarelli*, 929 F.3d at 104–05. The District Court erred in dismissing the motion as second or successive.

\* \* \*

For these reasons, we will vacate the District Court's January 8, 2021 order and remand for it to consider the merits of Holden's December 17, 2020 motion. In light of our disposition, at this time we will not consider the merits of the denial of Holden's initial petition for a writ of habeas corpus.

---

App. 4(a)(4)(A)(vi) (providing that time to appeal runs from entry of order disposing of Rule 60 motion if motion filed within 28 days of judgment).