NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANNY JACOBS, | No.  22-16822 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-01628-JGZ |
| v. | |
| RYAN THORNELL, Arizona Department of Corrections; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted February 9, 2024
Phoenix, Arizona

Before:  BERZON, HURWITZ, and JOHNSTONE, Circuit Judges.

In 2014, Danny Jacobs was convicted in Arizona state court of kidnapping.

The district court dismissed his 28 U.S.C. § 2254 habeas petition and denied a

Certificate of Appealability ("COA"); this Court then also denied a COA.  On the

last day on which a petition for certiorari could have been filed, Jacobs instead filed

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

a motion in the district court to amend his habeas petition.

The district court held that it had no jurisdiction to consider the amended petition, citing Ninth Circuit cases holding that motions to amend filed in the district court while the denial of a habeas petition is being challenged in this Court are second or successive petitions subject to the constraints of 28 U.S.C. § 2244(b)(2). *See Balbuena v. Sullivan*, 980 F.3d 619, 636–42 (9th Cir. 2020); *Beaty v. Schriro*, 554 F.3d 780, 783 n.1 (9th Cir. 2009).[1] But it granted a COA to allow Jacobs to seek en banc reconsideration of those precedents. Jacobs then filed this appeal and a petition seeking an initial en banc hearing. *See* Fed. R. App. P. 35(c); Ninth Cir. Gen. Order 5.2. We deny the petition for initial hearing en banc on behalf of the Court and affirm.

Jacobs concedes that the district court was compelled by *Balbuena* to treat his motion to amend as a second or successive petition. But he urges the Court to go en banc to overrule that case and instead to follow the approach taken by the Second and Third Circuits, under which a motion to amend filed when the appeal of the dismissal of a habeas petition is pending may not be a second or successive petition.

---

[1] The Sixth, Seventh, and Eighth Circuits have the same rule. *See Moreland v. Robinson*, 813 F.3d 315 (6th Cir. 2016); *Phillips v. United States*, 668 F.3d 433 (7th Cir. 2012); *Williams v. Norris*, 461 F.3d 999 (8th Cir. 2006). The Tenth Circuit initially adopted the same rule but has since carved out some exceptions. *See Ochoa v. Sirmons*, 485 F.3d 538 (10th Cir. 2007) (per curiam); *Douglas v. Workman*, 560 F.3d 1156 (10th Cir. 2009) (per curiam).

2

*See Ching v. United States*, 298 F.3d 174, 178 (2d Cir. 2002); *United States v. Santarelli*, 929 F.3d 95, 106 (3d Cir. 2019); *see also Balbuena*, 980 F.3d at 642–45 (Fletcher, J., concurring in the judgment) (urging the Supreme Court to resolve the Circuit split and adopt the approach of the Second and Third Circuits).

In *Ching*, the Second Circuit held that a petitioner's 28 U.S.C. § 2241 petition, which it construed as a motion to amend his original § 2255 motion, was not a second or successive petition because an appeal of the denial of the § 2255 motion was pending when the second petition was filed. 298 F.3d at 177–78. Ordinarily, *Ching* noted, the district court would not have jurisdiction to consider a motion to amend while the appeal was pending. *Id.* at 180 n.5 (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). *Ching* held, however, that the district court had jurisdiction because the Second Circuit had already remanded the initial § 2255 motion to the district court for further consideration. *Id.* at 175, 180 n.5. Critically for present purposes, the Court noted that, "had we affirmed the district court's denial of his initial § 2255 motion, Ching would have been foreclosed from bringing these additional claims unless he satisfied the requirements applicable to second or successive motions." *Id*. at 180 n.5.

In *Santarelli*, the Third Circuit reached an identical conclusion. Like the Second Circuit, it held that a motion to amend a habeas petition is not second or successive if filed after appeal of the denial of the initial petition but before all

appellate remedies are exhausted. 929 F.3d at 105. The Third Circuit also recognized the general rule that the district court lacks the power to address the motion, even if not second or successive, after a plaintiff appeals the initial denial. *Id.* at 106. And, like the Second Circuit, the Third Circuit stated that a motion to amend, even if potentially not second or successive when filed, becomes second or successive once "a petitioner exhausts her appellate remedies to no avail." *Id.*

Jacobs' motion to amend would be treated as a second or successive petition under the approach articulated by the Second and Third Circuits. Jacobs never sought review in the Supreme Court, or reconsideration by this Court, of our denial of a COA. He therefore plainly "exhaust[ed his] appellate remedies to no avail." *Id.* Because the appellate proceedings did not result in a remand to the district court, Jacobs' motion to amend—even if potentially not second or successive when filed under the approach taken by the Second and Third Circuits—would now be treated as such by those Courts.[2] Thus, we leave for another day whether to reconsider our existing jurisprudence on the topic.

---

[2] *Whab v. United States*, 408 F.3d 116 (2d Cir. 2005), on which Jacobs relies, does not support a different outcome. Although *Whab* emphasized that "the proper reference point for determining whether a petition is 'second or successive' is the moment of filing," it also acknowledged that a subsequent petition would be second or successive once the "petitioner's opportunity to seek review in the Supreme Court has expired." *Id.* at 120.

We **DENY** the petition for initial hearing en banc on behalf of the Court and

**AFFIRM**.[3]

---

[3]     The motions to become amici curiae submitted by the Ninth Circuit Federal Public and Community Defenders, **Dkt. 31,** and the Innocence Network and Montana Innocence Project, **Dkt. 32,** are **GRANTED.**